UNITED STATES BANKRUPTCY COURT
For the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| In re:  RAUL SANCHEZ, and ) | In a Chapter 13 proceeding |
|       ALBERTINA SANCHEZ, ) | |
|           Debtors, ) | Docket No. 11 B 06896 |
| ) | |
| RAUL SANCHEZ, and ) | Adversary No. 11 A 01411 |
| ALBERTINA SANCHEZ, ) | |
|           Plaintiffs, ) | |
|                   v.  ) | |
| TCF NATIONAL BANK, ) | |
| ) | Judge Jack B. Schmetterer |
|           Defendant. ) | Trustee Tom Vaughn |

**FINDINGS OF FACT AND CONCULSIONS OF LAW**

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against TCF NATIONAL BANK, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 2840 East 84th Street, Chicago, IL 60617.

2. TCF NATIONAL BANK is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code on February 21, 2011 in the Northern District of Illinois, case number 11 B 06896.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151, 157 and 1334 and this is a core proceeding under 28 U.S.C. 157.

6. Plaintiffs are the owners of real estate located at 2840 East 84th Street, Chicago, IL 60617 described as follows:

Common Address: 2840 East 84th Street, Chicago, IL 60617

Parcel ID #: 21-31-401-030-0000

7. The fair market value of the real estate is $69,000.00 pursuant to Exhibit D to the original adversary complaint.

8. A first mortgage lien is currently held by CITIMORTGAGE, INC. in the amount of $88,382.77 pursuant to Exhibit A to the original adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's second mortgage is allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $88,382.77, exceeds the value of the above real estate, $69,000.00.

11. Due to the second mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

ENTER: _____
The Honorable Jack B. Schmetterer

DATE: 9/22/11

SEP 22 2011

Roland Schlosser
203 North Wabash Avenue
Suite 503
Chicago, IL 60601
(312) 488-4884
A.R.D.C. 6279696